(No. 94-CC-1655-)

WILLIAM CICCIA, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, Respondent.

*Opinion filed March 12, 1999.*

WILLIAM CICCIA, *pro se.*

JIM RYAN, Attorney General (SERGE J. ADAM, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Epstein, J.

Claimant William Ciccia, an inmate of the Illinois Department of Corrections ("IDOC") brought this claim seeking $332 for damage to his television set allegedly caused by an electrical surge in the Dixon Correctional Center ("Dixon") on March 4, 1993, which was allegedly caused by defective wiring. Claimant also claims lost interest.

We previously denied both parties' cross-motions for summary judgment (order of January 13, 1995), and remanded this case for an evidentiary hearing, which was ultimately held by our former Commissioner Johnson, who retired without submitting a report on this claim. The Court, accordingly, has reviewed in detail the record of this claim *de novo*.

### Analysis

Claimant alleges that his television set was damaged due to an electrical surge on March 4, 1993, which was essentially a recurrence of a similar problem that had occurred weeks earlier (on February 13, 1993). Although IDOC makes an effort to avoid culpability for the surge, we are constrained to find that IDOC's staff admission that there was an "electrical malfunction" in housing unit 29 at Dixon at 5:10 p.m. on March 4, 1993, and that that malfunction "caused electrical damage" to appliances in a number of enumerated cells, including cell 55 of inmate Ciccia and his "RCA 13 in. color T.V. model no. E13143HN serial no. 015425133" (See, grievance report, March 5, 1993, Dixon C.C., concurred in by Odie Washington, Director, IDOC) to fairly end the argument over liability.

We reach out to observe, however, that this kind of electrical "surge" claim finds great disfavor in this Court—not only because the proximate cause element is ordinarily

difficult to prove without expert testimony (which is usually unavailable to IDOC inmates), but also because injury that is truly caused by electrical "surges" is *readily avoidable* by the owner of the television set or other appliance by technology that is available and at costs that are hardly unreasonable: surge protectors. Such devices are so well known that the failure to have one protecting sensitive electronic appliances—particularly in institutional situations where numerous factors can, and foreseeably will, affect the electrical supply may well constitute negligence that will diminish or kill a claim.

In this case, that defense has not been raised by the Respondent, and the Court is not persuaded to raise it on our own motion, because the record reflects that IDOC personnel had confirmed that the March 4, 1993 "electrical malfunction" had caused damage to surge protectors in other inmates' cells. With that fact of record, and with the trial in this case long over, the Court will not consider this unraised and potentially disputed issue.

This brings us to the highly contested matter of damages in this case. Claimant has shown that his original purchase price for the television was $218.90, approximately 2 1/3 years before the incident (November 3, 1990). IDOC had taken the administrative position that the property should be depreciated at 20% per year, which Claimant had accepted, yielding a depreciated value of $116.02 by Claimant's calculation. The Court will adopt that depreciated value as a fair measure of the Claimant's loss.

However, we must and will reject out of hand the Claimant's requests for interest, which amounts to prejudgment interest on a tort claim, which is not allowable in this Court, and we also flatly reject Claimant's claim for his time in pursuing this claim, which is equally noncompensable under the applicable laws.

## Conclusion

For the foregoing reasons, the Court finds liability against the Respondent for damages to Claimant's television. Claimant William Ciccia is awarded the sum of $116.02 in full and complete satisfaction of this claim.